Filed 8/7/14  P. v. Carpenter CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064553 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD244225) |
| ALMA LYDIA CARPENTER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

An amended information charged defendant Alma Carpenter with 37 counts, including two counts of using the personal identification of another (Pen. Code, § 530.5, subd. (a)),[1] 15 counts of forgery of seal and handwriting (§ 470, subd. (b)), six counts of

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

forgery of documents and items (§ 470, subd. (d)), seven counts of filing a false instrument (§ 115, subd. (a)), one count of false personation (§ 529, subd. (a)(3)), one count of vandalism over $400 (§ 594, subd. (a)(b)(1)), four counts of grand theft of personal property (§ 487, subd. (a)), and one count of notary fraud (Gov. Code, § 8214.2). The information also alleged Carpenter had committed two or more frauds resulting in losses of more than $100,000 (§ 186.11, subd. (a)(1)). The parties entered into a plea agreement pursuant to which Carpenter pleaded guilty to four charges: one count of grand theft of personal property (§ 487, subd. (a)), one count of using the personal identification of another (§ 530.5, subd. (a)), and two counts of filing a false instrument (§ 115, subd. (a)); and also admitted the section 186.11, subd. (a)(1) allegation. As part of the plea agreement, the other charges were to be dismissed, and Carpenter understood and agreed that she would be sentenced to three years in state prison and be responsible to pay full restitution to all victims.

Carpenter moved to withdraw her guilty plea alleging (1) the sentence to which she had agreed was an illegal sentence, and (2) her plea was not knowing and voluntary because she did not understand she had possible statute of limitations defenses to some of the charges. The court denied the motion, struck the section 186.11, subdivision (a)(1) allegation, sentenced Carpenter to the upper term of three years in state prison on one of the section 115, subdivision (a) counts, and sentenced Carpenter to terms for the remaining counts but ordered that those terms run concurrently. At a subsequent hearing to set the amount of victim restitution, Carpenter was ordered to pay a total amount of $1,378,286.44.

2

Carpenter subsequently filed a notice of appeal and obtained a certificate of probable cause. We affirm the judgment.

## FACTS

On August 22, 2006, Carpenter stole money from Aurora Loan Services in an amount in excess of $950 (count 2-violation of § 487, subd. (a)), and the victim did not learn of the theft until May 2010. On July 24, 2007, Carpenter caused a forged deed of trust to be recorded with the County Recorder of San Diego (count 31-violation of § 115, subd. (a)), and no victim or law enforcement learned of this until June of 2009. On November 14, 2004, Carpenter caused a forged deed of trust to be recorded with the County Recorder of San Diego (count 37-violation of § 115, subd. (a)), and no victim or law enforcement learned of this until 2011. Finally, between July 17, 2007, and December 31, 2011, Carpenter obtained personal identifying information of Laelia Winstone and used that information for an unlawful purpose (count 26-violation of § 530.5).

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel has identified as possible but not arguable issues: whether the court erred when it denied Carpenter's motion to withdraw her guilty plea, and whether Carpenter received ineffective assistance of counsel at the victim restitution hearing.

3

We granted Carpenter permission to file a supplemental brief on her own behalf, but she has not responded. A review of the record pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *Anders v. California, supra,* 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Carpenter has been competently represented by counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.